Case 1:22-cv-00125-MAC   Document 4   Filed 03/25/22   Page 1 of 11 PageID #: 47

Filed: 2/11/2022 2:15 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Samantha Whitney
63063

CAUSE NO._____

| | | |
|---|---|---|
| PAUL MARTIN BLOYD, | § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § | |
| v. | § § | HARDIN COUNTY, TEXAS |
| BLANN TRACTOR CO., INC. and RICKY LYNN WARE, | § § § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Paul Martin Bloyd files this Original Petition complaining of Blann Tractor Co. Inc. (hereinafter "Defendant Company") and Ricky Lynn Ware (hereinafter "Defendant Driver") for cause of action respectfully shows the Court as follows:

### I.    RELIEF SOUGHT AND LEVEL OF DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiff requests that Defendants advise, upon receipt of this Original Petition, whether an agreed order may be submitted to the Court providing for Level 3 discovery.

2. The damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.00 and demand judgment for all other relief for which Plaintiff is entitled.

### II.    PARTIES: PLAINTIFF

3. Plaintiff Jeremy Berry is an individual residing in Texas.

### III.    PARTIES: DEFENDANTS

4. Defendant Blann Tractor Co. Inc. is a for-profit Arkansas company. This defendant does not have registered agent for service of process in Texas but may be served through the Texas



Secretary of State at its headquarters, 1536 East US Highway 278, Hampton, Arkansas, 71744. Plaintiff requests a citation.

5. Defendant Ricky Lynn Ware is an individual and resident of Arkansas. This defendant may be served at his last known address 363 Court Taylor Road, El Dorado, Arkansas 71730 or wherever he may be found. Plaintiff requests a citation.

## IV. JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction because the amount in controversy exceeds the Court's jurisdictional minimum.

7. Venue is proper in Hardin County, Texas under § 15.002(a) of the Texas Civil Practice & Remedies Code, as Hardin County is the county where the events giving rise to this claim occurred.

## V. FACTUAL BACKGROUND

8. This lawsuit arises out of a motor vehicle collision that occurred on or about November 17, 2021, in Lumberton, Texas. At that time, Plaintiff was on US 96 when Defendant Driver failed to control his speed and smashed into the back of Plaintiff's vehicle, causing severe injuries and extensive damage. At all relevant times, Defendant Driver was acting in the course and scope of his employment with Defendant Company and acting in furtherance of a mission for that Defendant's benefit and subject to its control.

## VI. CAUSES OF ACTION

A. *Negligence and Gross Negligence: Defendant Company and Defendant Driver*

9. Plaintiff repeats and re-alleges each allegation contained above.

10. Plaintiff sustained injuries because of the negligence and gross negligence of the Defendants when Defendant Company and Defendant Driver:

    a. Failed to maintain a safe speed;

    b. Failed to maintain a safe distance;

    c. Failed to pay attention to the road ahead;

    d. Failed to exercise caution;

    e. Failed to yield;

    f. Failed to keep a proper lookout;

    g. Failed to operate the vehicle safely;

    h. Violated applicable rules, regulations, and traffic laws;

    i. Failed to properly supervise its employees;

    j. Failed to properly train its employees; and

    k. Other acts deemed negligent and grossly negligent.

11. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for these injuries.

12. Additionally, the actions/inactions of Defendants were done with a reckless disregard to a substantial risk of severe bodily injury.

### B. Negligence Per Se: Defendant Company and Defendant Driver

13. Plaintiff repeats and re-alleges each allegation contained above.

14. Defendants' conduct described herein constitutes an inexcusable breach of duties imposed by the Texas Transportation Code, including, but not limited to: Sections 544.004, 544.010, 545.153, and 545.401.

15. Plaintiff is a member of the class that the aforementioned sections of the Texas Transportation Code were designed to protect.

3

16. Defendants' inexcusable breach of the duties imposed by the above sections of the Texas Transportation Code proximately caused Plaintiff's injuries described herein.

### C. *Respondeat Superior: Defendant Company*

17. Plaintiff repeats and re-alleges each allegation contained above.

18. At the time of the collision and immediately prior thereto, the driver of the vehicle was within the course and scope of employment for Defendant Company.

19. At the time of the collision and immediately prior thereto, the Defendant Driver was engaged in the furtherance of Defendant Company's business.

20. At the time of the collision and immediately prior thereto, the Defendant Deriver was engaged in accomplishing a task for which he was employed by Defendant Company.

21. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant Company for the conduct of Defendant Driver.

### D. *Agency: Defendant Company*

22. Plaintiff repeats and re-alleges each allegation contained above.

23. At and during the time of the actions and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative, or employee of Defendant Company occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Company.

24. Therefore, Defendant Company is liable to Plaintiff for the acts and/or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

### E. *Negligent Hiring: Defendant Company*

25. Plaintiff repeats and re-alleges each allegation contained above.

26. Plaintiff sustained injuries as a result of Defendant Company's negligent hiring because of Defendant Company's:

   a. Failure to conduct a reasonable and adequate interview of Defendant Driver as a potential employee;

   b. Failure to properly follow up on information not provided by Defendant Driver in the interview process;

   c. Failure to conduct a proper employment and background check of Defendant Driver;

   d. Failure to sufficiently investigate Defendant Driver's training, prior employment, criminal record, and past;

   e. Failure to perform the required screening, testing, and physical of Defendant Driver;

   f. Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving Defendant Company's vehicles on interstate highways; and

   g. Commission of other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

27. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of the Defendant Company's negligent and grossly negligent hiring, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for injuries sustained.

28. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

   **F. *Negligent Training: Defendant Company***

29. Plaintiff repeats and re-alleges each allegation contained above.

30. Plaintiff sustained injuries as a result of Defendant Company's negligent training of Defendant Driver because of Defendant Company's:

　　a. Failure to explain and demonstrate its safety policies and procedures to Defendant Driver;

　　b. Failure to provide the necessary training to Defendant Driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of the vehicle and maintenance of the vehicle in various situations;

　　c. Failure to properly train its drivers regarding all aspects of driver safety;

　　d. Failure to train its employees, including Defendant Driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

　　e. Failure to provide and/or require follow-up driver education and training;

　　f. Commission of other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

31. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Company's negligent and grossly negligent training, Plaintiff suffered severe injuries, for which Plaintiff is entitled to recover.

32. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### G. *Negligent Supervision, Retention, and Monitoring: Defendant Company*

33. Plaintiff repeats and re-alleges each allegation contained above.

34. Plaintiff sustained injuries as a result of the negligent supervision, retention, and monitoring of Defendant Company because of Defendant Company's:

    a. Failure to monitor Defendant Driver to make sure he was complying with policies and procedures;

    b. Failure to interview and test Defendant Driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedures;

    c. Failure to implement proper policies and procedures for its employees, including Defendant Driver, regarding driver safety and vehicle safety;

    d. Failure to document and make a determination regarding fault in the accident made the basis of this suit;

    e. Failure to supervise Defendant Driver to ensure that he was keeping the vehicle properly maintained; and

    f. Other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

35. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Company's negligent and grossly negligent supervision, retention, and monitoring, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for those injuries.

36. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### H. Negligent Entrustment: Defendant Company

37. Plaintiff repeats and re-alleges each allegation contained above.

38. Plaintiff sustained injuries as a result of Defendant Company's negligent entrustment because Defendants provided a vehicle and/or authority to Defendant Driver who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

39. On balance, Defendant Company owed duties consistent with the foregoing and breached that duty. This breach was both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Company's negligent and grossly negligent entrustment of the vehicle to Defendant Driver, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for those injuries.

### I.  *Ratification: Defendant Company*

40. Plaintiff repeats and re-alleges each allegation contained above.

41. Defendant Company is responsible for the negligence and gross negligence of Defendant Driver under the theory of ratification because Defendant Company:

   a. Retained Defendant Driver after he committed the underlying tortious acts;

   b. Knew of Defendant Driver's tortious acts;

   c. Recognized that Defendant Driver will likely continue to be negligent if he is retained;

   d. Recognized that Defendant Driver will likely continue to be grossly negligent is he is retained;

   e. Failed to take adequate measures to prevent Defendant Driver from committing future tortious acts; and

   f. Otherwise adopted, confirmed, or failed to repudiate Defendant Driver's negligent and grossly negligent conduct after Defendant Company gained knowledge of the conduct.

## VII.  DAMAGES

42. Plaintiff repeats and re-alleges each allegation contained above.

43. As a direct result of the events described herein and Defendants' actions and conduct above, Plaintiff was seriously injured in the crash.

44. Because of the nature and severity of the injuries sustained, Plaintiff has suffered physical pain and mental anguish and, in reasonable probability will continue to suffer physical pain and mental anguish in the future.

45. Because of the nature and severity of the injuries sustained, Plaintiff has suffered physical impairment and, in reasonable probability, will continue to suffer physical impairment in the future.

46. Because of the nature and severity of the injuries sustained, Plaintiff has suffered disfigurement and, in reasonable probability, will continue to suffer disfigurement in the future.

47. Because of the nature and severity of the injuries sustained, Plaintiff has suffered a loss of vocational opportunity and past and future earning capacity.

48. Because of the nature and severity of the injuries sustained, Plaintiff has required medical treatment in the past and in reasonable probability will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the crash.

## VIII.   TRIAL BY JURY

49. Plaintiff demands trial by jury.

## IX.   RESERVATION OF RIGHTS

50. The allegations contained in this pleading are made acknowledging that the investigation and discovery, although undertaken, are continuing in this matter. As future investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of

adding additional parties to the case or dismissing parties from the case. The right to do so, under Texas law, is expressly reserved.

## X. CONDITIONS PRECEDENT

51. All conditions precedent have been performed or have occurred.

## XI. REQUIRED DISCLOSURE

52. Pursuant to Texas Rule of Civil Procedure 194(a), Defendants are required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XII. PRAYER

53. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer, and upon final trial hereof, Plaintiff be awarded a judgment against the Defendants, jointly and severally, that Plaintiff recover damages in accordance with the evidence; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and for any and all other relief, both general and special, legal and equitable, which the Court deems to be fair and reasonable, and to which Plaintiff may show just entitlement.

Respectfully submitted,

*/s/ Matthew Greenberg*
Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
Matthew O. Greenberg
Texas State Bar No. 24090136
mgreenberg@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Facsimile: (713) 583-8545
eservice@zehllaw.com

**ATTORNEYS FOR PLAINTIFF**